MEMORANDUM **
Frederick Schiff appeals from the district court’s order granting a motion for summary judgment by the City and County of San Francisco (the “City”) and its former Chief of Police Heather Fong, and denying Schiffs motion for partial summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review of the evidence in the light most favorable to the non-moving party, we affirm.
Schiff, an officer in the San Francisco Police Department (“SFPD”), alleges that he was subject to adverse employment actions because the City discriminated against him on the basis of race and retaliated against him for his prior race discrimination complaints and lawsuit, in violation of 42 U.S.C. §§ 1981 and 1983. Although the settlement of Schiffs prior lawsuit released the City from liability for the adoption of “banding” in making promotions from the 2005 lieutenants list, we agree with Schiff that it did not prevent him from relying on the City’s use of banding as evidence here. See RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1062 (9th Cir.2002).
Assuming that Schiff established a prima facie case of discrimination under the burden shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), his claims fail because the City introduced evidence demonstrating that Schiff was not promoted for legitimate, non-discriminatory reasons, and Schiff has failed to introduce evidence that would raise a genuine question of material fact as to whether the City’s proffered reasons were pretextual. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1062-64 (9th Cir.2002). Among the considerations in determining promotions was disciplinary history. Schiff had several disciplinary charges pending against him at the time of the October 2008 promotions, including one for neglect of duty that was sustained after two appeals. Chief Fong also stated additional specific and well-documented reasons concerning Schiffs conduct and judgment.
Once the City has provided non-discriminatory reasons for the adverse action, the “the presumption of discrimination ‘drops out of the picture,’ ” and we determine based on the evidence in the record whether a reasonable jury could conclude that defendants discriminated against Schiff on the basis of race. See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir.2006) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)). Schiff was unable to identify a single officer who was promoted who had recent disciplinary charges. It is not enough for Schiff to merely point out that *746 a non-white candidate ranked below him was promoted and he was not.
With regard to retaliation, Schiff has failed to introduce evidence establishing a causal link between the protected activity and the adverse action. Manatt v. Bank of America, 339 F.3d 792, 800-04 (9th Cir.2003). "[I]n the light of the timing and the surrounding circumstances," the district court did not err in determining that the five years between the filing of Schiff's lawsuit in 2003 and the alleged retaliation in 2008 undermined the required causal link between the protected activity and the adverse employment action. Anthoine v. N. Cent. Cnties. Consortium, 605 F.3d 740, 751 (9th Cir.2010) (quoting Coszalter v. City of Salem, 320 F.3d 968, 977-78 (9th Cir.2003)) (iiiternal quotation marks omitted).
Even assuming Schiff established a prima facie case of retaliation, he bears the burden of demonstrating that the City's reasons were merely a pretext for a retaliatory motive. See Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir.2000). With regard to the failure to promote, Schiff failed to introduce evidence sufficient to show pretext; in fact, Chief Fong knowingly promoted three other individuals involved in the same lawsuit during the relevant time period. With regard to the away order, the consistent statements and documentary evidence supporting man's justification are not mutually exclusive of Chief Fong's explanation. The fact that there were two legitimate justifications for the stay-away order does not render either one unworthy of credence. See Aragon v. Republic Silver State Disposal Inc., 292 F.3d 654, 661 (9th Cir.2002) (holding that "[wile do not infer pretext from the simple fact that [the defendant] had two different, although consistent, reasons" for the adverse employment action).
Although the evidentiary burdens shift back and forth under the McDonnell Douglas framework, the "plaintiff retains the burden of persuasion." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.s. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Schiff has not introduced evidence sufficient for a jury to be able conclude either that "a discriminatory reason more likely motivated the employer or . .. that the employer's proffered explanation is unworthy of credence." Chuang v. University of California Davis, 225 F.3d 1115, 1124 (9th Cir.2000) (internal quotation marks and citation omitted). Accordingly, Schiff has failed to "demonstrate that the proffered reason was not the true reason for the employment decision" and has not carried his burden. Burdine, 450 U.S. at 256, 101 S.Ct. 1089.
Even if there had been a discriminatory or retaliatory action, the City would not be liable because Chief Fong was not a final policymaker for the purposes of hiring and promotions. See Clouthier v. Cnty. of Contra Costa, 591 F.3d 1232, 1253 (9th Cir.2010) (noting that "`[t]o hold cities liable under section 1983 whenever makers fail to overrule the unconstitutional discretionary acts of subordinates would simply smuggle respondeat superior liability into section 1983 1a~" (quoting Gillette v. Delmore, 979 F.2d 1342, 1348 (9th Cir.1992) (per curiam))). Nor has Schiff identified any unlawful City policy. See id. at 1249. We have considered the documents Schiff submitted with his motion for judicial notice. The motion is DENIED as unnecessary. See Von Saher v. Norton Simon Museum of Art, 592 F.3d 954, 960 (9th Cir.2010).

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.